IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3136 |
| vs. | ORDER |
| STEVEN M. WOODALL, | |
| Defendant. | |

The defendant in this case pled guilty to one count of theft of government funds, stemming from his receipt of disability benefits based on blindness. *See* filing 33. As relevant, the defendant admitted making false statements to the Veterans Administration, Social Security Administration, and Department of Health and Human Services regarding his ability to see. Filing 37 at 19. The defendant admits only that he received more than $1,000 in payments for which he wasn't eligible. Filing 37 at 19-20. The government contends—and the presentence report found—that the defendant received a total of $604,714.19 in benefits beyond those to which he was entitled. *See* filing 43.

The defendant objects to the presentence report's loss calculation and amount of restitution. Filing 39. The defendant suggests that, because the government bears the burden of proof on this issue and "it would require the introduction of extensive medical records and medical opinion testimony about events that first took place in 2008," the Court should simply "decline to make any further loss and restitution determination in this case." Filing 39 at 1-2 (citing U.S.S.G. § 5E1.1(b)(2)(B)); *see also* 18 U.S.C. § 3663A(c)(3)(B).

The Court is not persuaded. True, § 3663A(c)(3)(B) provides in relevant part that the Court may decline to award mandatory restitution if it finds that "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree

that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." And "a burdensome, complicated, or speculative calculation provides a good reason for the district court to decline to exercise its discretion[,]" because § 3663A(c)(3)(B) "reflects Congress's intent that sentencing courts not become embroiled in intricate issues of proof, and that the process of determining an appropriate order of restitution be streamlined." *United States v. Martinez*, 690 F.3d 1083, 1089 (8th Cir. 2012).

But that's just restitution—neither § 3663A(c)(3)(B) nor § 5E1.1(b)(2)(B) relieve the Court of its responsibility to at least attempt a reasonable estimation of the loss for purposes of determining the sentencing guidelines range. *See Martinez*, 690 F.3d at 1086-87. Nor is the Court persuaded—at this point—that it's time to punt, because what the government seems intent on proving is that the defendant just generally lied. *See* filing 43. That may involve some quantity of evidence, but it's not factually complicated.[1]

---

[1] The defendant may want to reflect on, and confer with counsel about, whether putting the government to its proof is likely to benefit him. The Court notes that at this point, the defendant is receiving the benefit of a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility. The reduction's purpose is to distinguish a sincerely remorseful defendant from a defendant not manifesting penitence. *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021). A defendant who pleads guilty isn't entitled to credit for acceptance of responsibility as a matter of right, and it's the defendant's burden to show that he clearly demonstrated acceptance of responsibility. *United States v. Torres-Rivas*, 825 F.3d 483, 486 (8th Cir. 2016); *see United States v. Binkholder*, 832 F.3d 923, 927 (8th Cir. 2016).

A defendant's guilty plea and truthful admission of the conduct comprising the offense of conviction constitute significant evidence in favor of the acceptance-of-responsibility reduction. *Cooper*, 998 F.3d at 810 (citing § 3E1.1 cmt. n.3). But that evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. *Id*. The key issue is whether the defendant has shown a recognition and affirmative responsibility for the offense and sincere remorse. *Id*. And if the Court is put in

That said, it's also true that a defendant must be allowed, at sentencing, "to comment on the probation officer's determinations and other matters relating to an appropriate sentence," Fed. R. Crim. P. 32(i)(1)(C), and that when a factor important to a sentencing determination is reasonably in dispute, the parties are to have "an adequate opportunity to present information to the court regarding that factor," U.S.S.G. § 6A1.3(a). Accordingly, the defendant has some right to know what evidence will be used against him at sentencing. *See* United States v. Jackson, 32 F.3d 1101, 1105 (7th Cir. 1994); *see also* Irizarry v. United States, 553 U.S. 708, 715 (2008); *cf.* United States v. Rivers, 917 F.2d 369, 374 (8th Cir. 1990). It has also become apparent that the parties' dispute over loss calculation and restitution will require more time and attention to resolve than the current sentencing schedule permits. Accordingly,

IT IS ORDERED:

1. The sentencing hearing currently set for April 21, 2023 is continued pending further order of the Court.

2. An evidentiary hearing on the defendant's objection to the loss calculation and restitution (filing 39) is set for 10:00 a.m. on Thursday, May 18, 2023 in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before the undersigned.

---

the position of comparing the government's evidence with what the defendant is actually willing to admit—if the government can prove what it says it can prove—then the Court may be forced to evaluate whether the defendant's position is consistent with genuinely accepting responsibility for the offense.

3.  On or before Thursday, April 27, 2023, the parties shall file and serve on opposing counsel witness lists, including the disclosures required by Fed. R. Crim. P. 16(1)(G) with respect to any expert witness.

4.  On or before Thursday, May 11, 2023, the parties shall jointly prepare and file with the Court (a) a statement of uncontroverted facts, and (b) a list of controverted and unresolved issues.

5.  On or before Thursday, May 11, 2023, the parties shall deliver to the Court copies of all exhibits they intend to present at the evidentiary hearing, in a three-ring binder organized for use by dividers or tabs, listed on exhibit forms available from the Clerk's office or on the Court's external web page at http://www.ned.uscourts.gov/forms, and numbered as provided by NECrimR 12.6.

6.  The Court's tentative sentencing findings will be entered after the evidentiary hearing. Additional briefing on loss calculation and restitution (if necessary) will be scheduled after the evidentiary hearing.

Dated this 4th day of April, 2023.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

- 4 -